Jeffrey Scott RATCHFORD *v.* STATE of Arkansas

CR 03-905                                             159 S.W.3d 304

Supreme Court of Arkansas
Opinion delivered April 15, 2004

*Hampton & Larkowski*, by: *Mark F. Hampton*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. Appellant Jeffrey Scott Ratchford was convicted of two counts of sexual abuse and one count of rape by a Benton County jury. Ratchford was sentenced to two ten-year terms and a term of life imprisonment, to be served concurrently. Ratchford's sole point on appeal is that he received ineffective assistance of counsel at trial. Ratchford acknowledges that in order to raise a claim of ineffective assistance of counsel on direct appeal, a defendant must first raise the claim in the lower court either during the trial or in a motion for new trial, and Ratchford admits that he did not raise the issue of ineffective assistance of counsel in the lower court. However, Ratchford urges this court to create a "narrow" exception to the rule. Specifically, Ratchford proposes the following exception to the rule:

The appellate court will address claims of ineffective assistance first raised on direct appeal where it is apparent from the face of the record (1) Appellant received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and (2) there is no possibility that the ineffectiveness was due to trial strategy.

\* \* \*

Ratchford contends that an exception is warranted in cases such as his because postponing relief until a Rule 37 petition is filed would mean that he will spend time in prison for a conviction that is defective and should be reversed, remanded, and retried. Further, he contends that an exception is warranted because the legal standards he must overcome in postconviction proceedings are less favorable to him than the legal standards he must overcome on direct appeal. Ratchford also argues that in his case, the "trial-strategy doctrine" does not apply because there is no way that trial counsel's "across-the-board inaction" could be part of a "rational trial strategy." Finally, Ratchford contends that an exception is warranted because "[u]nder the current preservation requirement, the situation for a criminal defendant such as Appellant is that he receives ineffective assistance of counsel at trial, appellate counsel is barred from raising the claim, and there is no right to counsel in Rule 37 proceedings."

We decline to create an exception to our rule that we will not consider ineffective assistance as a point of appeal unless that issue has been considered by the trial court. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2) (2003).

### Ineffective Assistance of Counsel

Though he did not raise the claim in the trial court, on appeal, Ratchford argues that trial counsel was ineffective on the face of the record. It is well settled that this court will not consider ineffective assistance as a point on direct appeal unless that issue has been considered by the trial court. *Anderson v. State*, 353 Ark. 384, 108 S.W.3d 592 (2003); *Willis v. State*, 334 Ark. 412, 977 S.W.2d 890 (1998); *Slocum v. State*, 325 Ark. 38, 924 S.W.2d 237 (1996); *Edwards v. State*, 321 Ark. 610, 906 S.W.2d 310 (1995); *Sumlin v. State*, 319 Ark. 312, 891 S.W.2d 375 (1995); *Missildine v. State*, 314 Ark. 500, 863 S.W.2d 813 (1993). Additionally, the facts surrounding the claim must be fully developed, either during the trial or during hearings conducted by the trial court. *Willis, supra*;

*Dodson v. State*, 326 Ark. 637, 934 S.W.2d 198 (1996). The reason for this rule is that an evidentiary hearing and finding as to the competency of appellant's counsel by the trial court better equips the appellate court on review to examine in detail the sufficiency of the representation. *Willis, supra; Reed v. State*, 323 Ark. 28, 912 S.W.2d 929 (1996). The trial court is in a better position to assess the quality of legal representation than we are on appeal. *Dodson, supra.*

Ratchford concedes that he did not raise his ineffective assistance of counsel claim in the trial court; however, he contends that his case warrants an exception to this court's preservation requirement. Ratchford first argues that an exception is warranted in his case because postponing relief until a Rule 37 petition is filed would unduly prolong his time in prison for a conviction that is defective. The State contends that even assuming that this is a valid reason for adopting Ratchford's proposed exception, in his case, "any delay in obtaining relief is due to [Ratchford's] decision to pursue an unlikely exception to a well-settled rule rather than proceed directly under Rule 37." The State also points out that, since Ratchford's only claim on appeal is ineffective assistance of counsel, "he need not have pursued a direct appeal, but could have gone directly to proceedings under Rule 37, and, conceivably, have obtained a ruling on fully developed claims by the time the Court decides this appeal." We agree. Rule 37.2(c) of the Arkansas Rules of Criminal Procedure provides, in part:

> If . . . the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment.

Ark. R. Crim. P. 37.2(c) (2003).

■ Any prolonged incarceration is due to Ratchford's failure to follow the rules, not this court's refusal to address ineffective assistance claims on direct appeal if the claims have not been considered by the trial court. Ratchford has failed to demonstrate that this court's requirement that an ineffective assistance claim must first be considered by the trial court unduly prolongs his time in prison for a conviction that is defective. As such, no exception to our rule is warranted on this basis.

Next, Ratchford argues:

The second reason [why an exception is warranted] was provided by the *Strickland* Court itself: "[T]he presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment," *Strickland*, 466 U.S. at 697. [*See also*] *United States v. Frady*, 456 U.S. 152, 162-169 (1982); *Engle v. Isaac*, 456 U.S. 107, 126-129 (1982)), and the Appellant will have to overcome less favorable legal standards in postconviction proceedings.

The State contends that a claim of ineffective assistance of counsel is a collateral attack on a judgment because it alleges an unfair trial due to errors of counsel, rather than the trial court. Further, the State contends that this court allows collateral attacks of ineffective assistance of counsel on direct appeal only as a matter of procedural economy and, accordingly, the strong presumption of a judgment's finality is due to the nature of the claim, rather than its timing, as Ratchford suggests.

This court has held that in the interest of judicial economy, we will review claims of ineffectiveness of counsel, provided that the allegation is raised before the trial court and all the facts and circumstances surrounding the claim have been fully developed. *Dodson, supra; Misseldine, supra.* In *Wooten v. State*, 351 Ark. 241, 91 S.W.3d 63 (2002), this court stated:

> Where ineffective assistance of counsel is asserted, the reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *McGehee v. State,* 348 Ark. 395, 72 S.W.3d 867 (2002); *Thomas v. State,* 330 Ark. 442, 954 S.W.2d 255 (1997). To rebut this presumption, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., that the decision reached would have been different absent the errors. *Id.* A reasonable probability is one that is sufficient to undermine confidence in the outcome of the trial. *Id.* In determining a claim of ineffectiveness, the totality of the evidence before the factfinder must be considered. *Chenowith v. State,* 341 Ark. 722, 19 S.W.3d 612 (2000). This court will not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Green v. State,* 343 Ark. 244, 33 S.W.3d 485 (2000).
>
> To prevail on a claim of ineffective assistance of counsel, [the appellant] must show that counsel's representation fell below an

objective standard of reasonableness and that but for counsel's errors, the result of the trial would have been different. *Kemp v. State,* 347 Ark. 52, 60 S.W.3d 404 (2001) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

*Wooten,* 351 Ark. at 244-45.

■ Ratchford's argument that the legal standards he must overcome in postconviction proceedings are less favorable than the legal standards he must overcome on direct appeal is without merit. Regardless of when an appellant raises an ineffective-assistance-of-counsel claim, his or her burden is the same — the appellant must demonstrate deficient performance consistently with the standard in *Strickland, supra.* No exception to our rule is warranted on this basis.

Next, Ratchford argues that an exception is warranted because "the State is not prejudiced by lack of the trial strategy doctrine." He contends that the purpose of requiring a post-trial motion and hearing is to give the State the benefit of calling trial counsel at a hearing to testify as to his or her motives in undertaking or failing to undertake certain actions. Ratchford contends that the State benefits from the trial strategy doctrine because there is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance; however, in this case, the trial strategy doctrine would be of no benefit to the State because there is no way that trial counsel's "across-the-board inaction" could be part of a rational trial strategy. Ratchford states that trial counsel failed to file multiple crucial motions, including motions for discovery, motions to suppress, and a rape-shield motion that, according to Ratchford, would have allowed the jury to hear that the victims in this case had made prior sexual abuse allegations.

■ This court cannot determine whether trial counsel's actions were matters of trial tactics and strategy when there was no hearing at the trial level and, thus, no testimony from trial counsel concerning trial tactics and strategy. Essentially, Ratchford is asking this court to hold that in his case, it is unnecessary for the facts surrounding the claim to be fully developed because as a matter of law, none of trial counsel's decisions at trial were matters of trial tactics and strategy. This we will not do.

■ Ratchford also argues that "[u]nder the current preservation requirement, the situation for a criminal defendant such as

Appellant is that he receives ineffective assistance of counsel at trial, appellate counsel is barred from raising the claim, and there is no right to counsel in Rule 37 proceedings." There is no entitlement to counsel in postconviction proceedings. *See Coleman v. State*, 338 Ark. 545, 998 S.W.2d 748 (1999). However, even if this court were to assume that the rule against first-time claims of ineffective assistance of counsel on direct appeal denied Ratchford his right to counsel, there is no justification for applying Ratchford's proposed exception in this case. As the State points out, appellate counsel filed the notice of appeal four days after the judgment and, therefore, could have timely raised ineffective assistance of counsel in a motion for a new trial. *See* Ark. R. Crim. P. 33.3(b) (2003). Accordingly, Ratchford's argument that he is deprived of appellate scrutiny of his ineffective assistance claim unless trial counsel "raises ineffectiveness on himself" is without merit.

In sum, Ratchford has failed to demonstrate why this court should recognize an exception to our well-settled rule that we will not consider ineffective assistance as a point on direct appeal unless that issue has been considered by the trial court. Accordingly, we do not reach the merits of Ratchford's claim.

We note that while the judgment and commitment order correctly reflects that Ratchford was sentenced and convicted of one count of rape and two counts of sexual abuse in the first degree, the order incorrectly states that Ratchford was sentenced and convicted of a *total* of two offenses. Accordingly, we modify the judgment and commitment order to reflect that Ratchford was sentenced and convicted of a total of three offenses.

### 4-3 (h) Review

In accordance with Ark. Sup. Ct. R. 4-3(h), the transcript of the record before us has been reviewed for adverse rulings objected to by the appellant, but not argued on appeal, and no such reversible errors were found.

Affirmed as modified.