Beverly MAXWELL *v.* STATE of Arkansas

CR 03-1220 · 197 S.W.3d 442

Supreme Court of Arkansas
Opinion delivered November 4, 2004

*The Lisk Firm,* by: *Lynn D. Lisk,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Misty Wilson Borkowski,* Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. Appellant, Beverly Maxwell, was convicted of attempting to obtain prescription drugs by fraud and sentenced to sixty months' probation. Appellant's conviction stems from an incident that occurred on February 26, 2002. On that day, the Harvest Foods pharmacy received a call from "Sylvia," an individual claiming to be a nurse from Dr. Patrick Osam's office. "Sylvia" called in a prescription for generic Darvocet

and Phenergan for appellant's daughter, Lashawna Maxwell. The pharmacist, Leo Kordsmeier, had previously received call-in prescriptions for Lashawna from "Sylvia," but they were normally received after hours. Appellant usually picked up the prescriptions.

In an effort to verify the prescriptions, Mr. Kordsmeier called Dr. Osam's office. Dr. Osam's office informed Mr. Kordsmeier that "Sylvia" was not employed by the office, and that they had not called in a prescription for Lashawna. In fact, according to Dr. Osam, on February 26, 2002, he was in Florida, and according to his records neither Lashawna Maxwell nor Beverly Maxwell were his patients at that time. After failing to validate the prescriptions, the police were notified. When appellant arrived at the pharmacy and requested a prescription for "Maxwell," she was arrested.

On May 17, 2002, the State filed a criminal information, charging appellant with criminal attempt to obtain drugs by fraud. In the information, the State also alleged that appellant had previously been convicted of four or more felonies.

On February 11, 2003, a bench trial was held in the Pulaski County Circuit Court. At the end of the State's case-in-chief, appellant's attorney moved for a directed verdict. The trial court denied appellant's motion. The motion was not renewed at the close of the evidence. After considering the evidence, the trial court concluded that appellant was guilty. On May 15, 2003, appellant was sentenced to sixty months probation. On May 22, 2003, the judgment and commitment order was filed.

On June 6, 2003, after retaining new counsel, appellant filed a motion seeking a new trial. In her motion, appellant argued that she deserved a new trial because her trial counsel was ineffective. Appellant argued that her trial counsel was ineffective because she failed to obtain complete discovery prior to trial and because she permitted appellant's son to testify at trial against appellant's wishes. No action was taken on appellant's motion, and after thirty days, appellant's motion was deemed denied.

On August 5, 2003, appellant filed her notice of appeal. Appellant raises two points for our consideration, and we affirm on both points.

In her second point on appeal, appellant argues that the evidence was insufficient to support her conviction. Although appellant raises this issue as her final point on appeal, double-

jeopardy considerations require us to consider a challenge to the sufficiency of the evidence before considering the other points that are raised. *Pratt v. State*, 359 Ark. 16, 194 S.W.3d 183 (2004).

Before considering the merits of appellant's challenge to the sufficiency of the evidence, we must first determine whether the issue was properly preserved for appellate review. A criminal defendant challenges the sufficiency of the evidence by raising a motion to dismiss or a motion requesting a directed verdict. Rule 33.1 of the Arkansas Rules of Criminal Procedure explains the procedure a criminal defendant must follow when making a proper motion for dismissal or directed verdict. The Rule in relevant part provides:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment.

*Id.*

Rule 33.1 is strictly construed. *Pratt, supra.* In accordance with this rule, we have held that to preserve a challenge to the sufficiency of the evidence in a bench trial a criminal defendant must make a motion for dismissal at the close of the evidence. *See McClina v. State*, 354 Ark. 384, 123 S.W.3d 883 (2003).

Mindful of the foregoing principles, we must now consider whether the motion made by appellant's attorney preserved for appeal the issue of the sufficiency of the evidence. At the close of the State's case-in-chief, appellant's attorney argued that the State had failed to meet its burden of proof and requested that the trial court dismiss the charge against appellant. The trial court denied appellant's motion, and appellant proceeded to present her case-in-chief. At the close of her case, the following colloquy occurred:

> Ms. MOSBY [counsel for appellant]:  We rest, your honor.

> TRIAL COURT:  Anything further from the State?

> MR. SMITH [prosecutor]: State has no rebuttal.

> TRIAL COURT: Okay. I'm going to find the defendant guilty.

After reviewing the facts surrounding appellant's motion for dismissal, and the foregoing colloquy, we conclude that appellant failed to comply with the requirements of Rule 33.1 because she failed to make a renewed motion for dismissal at the close of the evidence. Because appellant failed to comply with Rule 33.1, appellant's sufficiency argument is not preserved for appeal.

Appellant next argues that she is entitled to a new trial because her trial attorney was ineffective. Appellant challenged the effectiveness of her attorney in a motion requesting a new trial. She argued that she was entitled to a new trial because her attorney failed to obtain and introduce certain evidence and because her attorney permitted her son to testify at trial against appellant's wishes. A hearing was not held to consider appellant's motion and an order was not entered granting or denying appellant's motion. Thus, pursuant to Rule 33.3, appellant's motion was deemed denied after thirty days.[1] In her notice of appeal, appellant stated that she was appealing from her conviction, sentence, and the denial of her motion requesting a new trial.

We have previously reviewed challenges to the effectiveness of a trial attorney in a direct appeal when such claims were raised in a posttrial motion requesting a new trial and a hearing to consider the issue was held. *See Missildine v. State*, 314 Ark. 500, 863 S.W.2d 813 (1993). Specifically, we have held that in the interest of judicial economy, we will review claims of ineffectiveness of counsel, provided that the allegation is raised before the

---

[1] Rule 33.3 in relevant part provides:

(a) A person convicted of either a felony or misdemeanor may file a motion for new trial or any other application for relief.

\* \* \*

(c) If the trial court neither grants nor denies a posttrial motion or application for relief within thirty (30) days after the date the motion or application is filed, the motion or application shall be deemed denied as of the 30th day.

*Id.*

trial court and all the facts and circumstances surrounding the claim have been fully developed. *Ratchford v. State*, 357 Ark. 27, 159 S.W.3d 304 (2004). The facts surrounding the claim must be fully developed, either during the trial or during hearings conducted by the trial court. *Id*. We have explained that the reason for this rule is that an evidentiary hearing and finding as to the competency of appellant's counsel by the trial court better equips the appellate court on review to examine in detail the sufficiency of the representation. *Id*. We have also noted that the trial court is in a better position to assess the quality of legal representation than we are on appeal. *Id*.

We have also explained that a "deemed denied" ruling on a posttrial motion for new trial is an insufficient order from which to raise on direct appeal a claim of ineffectiveness because such a ruling necessarily precludes any consideration by the trial court of the relevant facts pertaining to the claim. *Dodson v. State*, 326 Ark. 637, 934 S.W.2d 198 (1996); *see also Chavis v. State*, 328 Ark. 251, 942 S.W.2d 863 (1997).

In the case now before us, appellant has failed to present us with a sufficient order from which to consider her allegations of trial counsel's ineffectiveness. Specifically, appellant's ineffective assistance of counsel claims were not raised or developed during the trial. Additionally, the facts surrounding appellant's claims were not developed after the trial because a hearing was not held on appellant's posttrial motion.[2] Finally, because appellant's motion was deemed denied, there is no order in which the trial court evaluated counsel's effectiveness. Because we have been provided with nothing other than the bare allega-

---

[2] In the case now before us, appellant does not argue that the trial court erred when it failed to hold a hearing on her posttrial motion. However, with no citation to authority, appellant suggests that we could remand her case for an evidentiary hearing on her ineffective assistance of counsel claims. We do not consider claims that are not supported by citation to authority. *See Johnson v. State*, 358 Ark. 460, 193 S.W.3d 260 (2004). Nonetheless, to the extent that appellant is arguing that she is entitled to a hearing pursuant to Rule 33.3, we note that in previous cases we have concluded that there was no error committed when a trial court refused to hold a requested hearing on a posttrial motion. *See Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996) (holding that although Rule 36.22 [an earlier version of Rule 33.3], states that a hearing is required when it is requested, the rule provides for no sanction when a hearing is not afforded a party).

tions set out in appellant's motion requesting a new trial, we are unable to consider the merits of appellant's ineffective assistance of counsel claims.

Affirmed.