Joseph ROUNSAVILLE *v.* STATE of Arkansas

CR 08-205                                                    288 S.W.3d 213

Supreme Court of Arkansas
Opinion delivered October 2, 2008

*Eisele Law Firm, P.A.*, by: *Justin Eisele*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

Robert L. Brown, Justice. Appellant Joseph Rounsaville appeals his judgment and commitment order and life sentence for rape and the denial of a hearing on his Rule 33.3 motion for a new trial in connection with a claim of ineffective assistance of counsel. We affirm his judgment of conviction but remand for a hearing on his motion.

The facts are gleaned from the testimony of witnesses at trial. The State's primary witness was the victim, D.B. He testified that when he was seven years old in November 2003, he was alone in his house with Rounsaville, a family acquaintance who had agreed

to watch him while his mother went to the store. He testified that Rounsaville touched him on his "private parts" while he was taking a bath. He specifically testified that the appellant was "washing my front part, private parts, and then he start[ed] washing my butt." He told the jury that he was "scared" and "terrified" during the incident. His testimony was that while the appellant was washing him, "he slip[ped] his finger up my butt without the washrag on." He testified further that after he got out of the bathtub, he tried to go to his room to get dressed but that Rounsaville pushed him to the ground, got on top of him and began to kiss him. He stated specifically that Rounsaville put "his tongue on my tongue and start[ed] kissing me." D.B. testified that the appellant stopped when his mother, Karen Stone, returned home and the headlights of her vehicle shined in the window.

Ms. Stone testified that when she returned home on the night in question, D.B. told her what had happened. She testified that she was "hysterical." She told the jury that she did not report the incident to the police at the time because she "didn't want to put my son through that." She testified, however, that D.B. "never let it go," so she decided in 2006 to pursue the matter with the police. Rounsaville was then charged with rape.

At the trial on September 13, 2007, Rounsaville moved for a directed verdict at the close of the State's case, arguing that the State failed to present sufficient evidence to prove the charge of rape because there was no evidence of sexual gratification. The trial judge denied the motion. The appellant then rested his case without presenting evidence and moved again for a directed verdict, which the judge denied. The jury found him guilty of rape, and he was sentenced to life in prison as a habitual offender.

On October 11, 2007, Rounsaville, pro se, filed a timely motion for a new trial on grounds of ineffective assistance of counsel.[1] The appellant requested a hearing on the motion. However, on October 31, 2007, the trial judge entered an order denying the motion, which did not set forth findings of fact or conclusions of law.

---

[1] On November 1, 2007, the appellant filed an amended motion for new trial, adding the provisions required by Rule 33.3 that the motion was not filed for the purpose of manipulation, harassment, or delay, that the appellant believed he was entitled to the relief, and that the appellant believed his grounds were meritorious.

Rounsaville's first point on appeal is that there was insufficient evidence to support his conviction for rape because the State failed to put forward proof that his actions were motivated by a desire for sexual gratification. More specifically, he asserts that the trial judge erred in denying his motion for directed verdict. He claims that the State failed to present evidence of sexual gratification and, as a result, did not meet its burden to prove the statutory elements of rape.

It is well settled that this court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *See Williams v. State*, 338 Ark. 178, 183, 992 S.W.2d 89, 93 (1999). The standard of review for a sufficiency-of-the-evidence challenge is well established. This court views the evidence in the light most favorable to the State and considers only evidence that supports the verdict. *See Bell v. State*, 371 Ark. 375, 381, 266 S.W.3d 696, 701 (2007). Furthermore, this court will affirm a verdict if there is substantial evidence to support it. *Id.* Substantial evidence is evidence that is of such sufficient force and character that it will with reasonable certainty compel a conclusion one way or another without resorting to speculation or conjecture. *Id.*

The credibility of the witnesses, however, is an issue for the jury to decide and not this court. *See Baughman v. State*, 353 Ark. 1, 5, 110 S.W.3d 740, 743 (2003). The trier of fact is free to believe all or part of any witness's testimony and may resolve all questions of conflicting testimony and inconsistent evidence. *Id.* Unless the evidence does not meet the required standards, leaving the jury to speculation and conjecture in reaching its verdict, the jury may choose to believe the State's account of facts rather than the defendant's. *Baughman*, 353 Ark. at 6, 110 S.W.3d at 743.

In the instant case, Rounsaville was convicted of rape, which is defined by statute as "sexual intercourse or deviate sexual activity with another person . . . who is less than fourteen (14) years of age." Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2007). Deviate sexual activity is "any act of sexual gratification involving . . . the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person." *Id.* § 5-14-101(1)(B) (Repl. 2006). While the Arkansas Code does not expressly define "sexual gratification," this court has addressed its meaning many times in rape cases. *See, e.g.*, *Warren v. State*, 314 Ark. 192, 196, 862 S.W.2d 222, 225 (1993) (construing the words "in accordance with their reasonable and commonly accepted meanings").

This court has further held that the State is "not required to provide direct proof that an act is done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act." *See, e.g.*, *Bell*, 371 Ark. at 381, 266 S.W.3d at 702. Here, Rounsaville argues that it was not plausible to assume his actions were done for sexual gratification because the incident occurred while he was bathing the victim. He essentially asserts that absent evidence of intercourse or oral sex, it is not plausible to infer sexual gratification. Nonetheless, this court has held that "when persons, other than physicians or other persons for legitimate medical reasons, insert something in another person's vagina or anus, it is not necessary that the state provide direct proof that the act was done for sexual gratification." *Williams v. State*, 298 Ark. 317, 321, 766 S.W.2d 931, 934 (1989).

We hold that there is substantial evidence in the instant case upon which the jury could infer that Rounsaville's actions were motivated by a desire for sexual gratification. The *Williams* decision expressly permits a jury to infer sexual gratification any time a person inserts his or her finger into the anus of another person, as long as it is not done for medical or other legitimate purposes. *Id.* Accordingly, the jury could have found sexual gratification in this case even if the only evidence presented was that the appellant put his finger in the victim's anus. But this was not the only evidence presented by the State. D.B. also testified that Rounsaville pushed him to the ground while he was naked, held him down, and kissed him. He added that the appellant "put his tongue on my tongue." This testimony recounted explicitly sexual contact and provided further evidence on which the jury could determine that the appellant acted as he did for sexual gratification.

Rounsaville's second point on appeal is that the trial court erred in denying his motion for a new trial without granting him a hearing on his claim of ineffective assistance of counsel. He specifically asserts that Rule 33.3 of the Arkansas Rules of Criminal Procedure required the trial judge to grant him a hearing since he specifically requested one in his motion. He argues that by denying the motion without allowing him to develop his claim, the trial judge precluded him from presenting the issue on direct appeal. We agree.

This court has held that, while Rule 37 of the Arkansas Rules of Criminal Procedure provides the primary vehicle for

postconviction relief due to ineffective assistance of counsel, "such relief may be awarded a defendant on direct appeal in limited circumstances" based on a motion for a new trial. *See, e.g., Missildine v. State*, 314 Ark. 500, 507, 863 S.W.2d 813, 818 (1993). This court has also held that the interest of judicial economy may permit a direct appeal when the defendant raises the issue in a motion for a new trial. *Id.* A direct appeal is only appropriate, however, when the facts surrounding the claim were fully developed during the trial or during hearings conducted by the trial court. *See Ratchford v. State*, 357 Ark. 27, 31, 159 S.W.3d 304, 307 (2004). This is because "the trial court is in a better position to assess the quality of legal representation than we are on appeal." *Id.* at 32, 159 S.W.3d at 307. In sum, this court has clearly held that a direct appeal on a claim of ineffective assistance of counsel is appropriate only when it is raised before the trial court and the facts and circumstances surrounding the claim have been fully developed at the trial level. *See Dodson v. State*, 326 Ark. 637, 934 S.W.2d 198 (1996).

As noted in *Missildine v. State, supra*, one way a defendant may raise a claim of ineffective assistance of counsel in the trial court is by filing a motion for a new trial pursuant to Rule 33.3 of the Arkansas Rules of Criminal Procedure. *See also Halfacre v. State*, 265 Ark. 378, 383, 578 S.W.2d 237, 239 (1979) (holding that ineffective assistance of counsel was a proper ground on which the trial court could grant a new trial). Rule 33.3 states in part that "the trial court *shall* designate a date certain, if a hearing is requested or found to be necessary, to take evidence, hear, and determine all of the matters presented." Ark. R. Crim. P. 33.3(a) (2008) (emphasis added).

This court's cases regarding when a defendant may bring a direct appeal on a claim of ineffective assistance of counsel and the question of whether a hearing is required when requested under Rule 33.3 intersect in the instant case. The precise issue in this case is whether a trial judge may refuse to hold a hearing on a defendant's claim of ineffective assistance of counsel as part of a motion for a new trial, which has the effect of ensuring that the facts and circumstances of the claim are insufficiently developed for appellate review.

Rounsaville maintains that the facts and circumstances of his claim regarding ineffective assistance of counsel were not fully developed at the trial–court level, either at trial or by a Rule 33.3 hearing, and he does not urge this court to review the claim based

on the trial court's order. Rather, he asserts that the order is insufficient because the trial court refused to grant a hearing on the issue, despite his request. The trial judge's complete order reads:

> Before this court is Petitioner Joseph Rounsaville on a Motion for New Trial and Brief in Support thereof and Petitioner's Motion for Appointment of Counsel. From the motions, relevant facts, case law and briefs, and all other matters and things pertaining thereto, this Court doth find that the Petitioner's Motion for New Trial and Petitioner's Motion for Appointment of Counsel are DENIED.

The State, however, responds that Rounsaville was not entitled to a hearing before the trial judge and relies on this court's decision in *Maxwell v. State* in support of its assertion. 359 Ark. 335, 197 S.W.3d 442 (2004). In *Maxwell*, the defendant moved for a new trial on grounds of ineffective assistance of counsel. The trial court did not take action on the motion within thirty days and, therefore, the motion was "deemed denied" pursuant to Rule 33.3(c). Because the claim was not raised or developed at trial or in a hearing and because the trial court did not issue a specific order denying the motion, this court held that the defendant had not presented a sufficient order on which we could conduct an appellate review of the claim. Unlike the instant case, the appellant in *Maxwell* did not argue that the trial court erred in failing to hold a hearing. The State, nevertheless, relies on a footnote in *Maxwell* in which this court said, "[T]o the extent that the appellant is arguing that she is entitled to a hearing pursuant to Rule 33.3, we note that in previous cases we have concluded that there was no error committed when a trial court refused to hold a requested hearing on a posttrial motion." 359 Ark. at 339 n.2, 197 S.W.3d at 445 n.2. (citing *Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996)).

We turn then to an analysis of *Turner v. State*, which we believe is distinguishable from the facts in the case at hand. In *Turner*, this court affirmed the trial judge's denial of a motion for a new trial despite the fact that the defendant requested, and did not receive, a hearing. 325 Ark. at 245, 926 S.W.2d at 848. There, we said that, while the rule reads that the trial court *shall* schedule a hearing, it does not provide for a sanction if the court fails to hold a hearing and does not contemplate a new trial as a remedy. *Id.* (referring to Ark. R. Crim. P. 36.22, which is now contained in Ark. R. Crim. P. 33.3).

There is an important factual distinction between *Turner* and the instant case. In *Turner*, the defendant's motion for a new trial did not rest on a claim of ineffective assistance of counsel but on a claim that the prosecutor violated pretrial discovery rules. In that case, Turner argued that the prosecutor failed to inform his attorney that the alleged victim had identified the defendant visually, instead of merely by voice. This court affirmed the trial court and held that a hearing under Rule 33.3 was "unnecessary" and would have been "superfluous" because Turner failed to object in a timely manner and because the fact the victim could identify the defendant was the critical point, and it had been disclosed prior to trial. *Id.*

Contrary to those facts, the appellant in the instant case moved for a new trial on grounds that he received ineffective assistance of counsel at trial. He could not raise this issue prior to his motion for a new trial. As a result, his claim could not have been developed during the trial, and, thus, it cannot be argued that a hearing on the appellant's motion for a new trial was unnecessary or would have been superfluous, as was the case in *Turner*. Here, a hearing was essential for the trial judge to examine in detail the sufficiency of the representation.

Furthermore, the instant case is different from *Maxwell* because the appellant in that case presented "nothing other than the bare allegations" of insufficient assistance of counsel and did not appeal the trial court's denial of a hearing to further develop the claim. 359 Ark. at 339-40, 197 S.W.3d at 445. In the case before us, however, Rounsaville presented a fourteen-page pro se motion for a new trial in which he asserted eight examples of his trial attorney's allegedly inadequate representation.

The State asserts that the appellant's motion was insufficient because he did not expound on the allegations of inadequate representation.[2] But, in a Rule 33.3 motion, this court does not require that the appellant present all of the specific details supporting a claim of ineffective assistance of counsel. Rather, the defendant must set forth specifically recited instances which could be

---

[2] The State specifically notes two of the appellant's points in his claim of ineffective assistance of counsel. First, the State argues that the appellant failed to articulate what he would have said by way of allocution in arguing that his attorney failed to object to the court's denial of allocution. The State also argues that the appellant did not identify witnesses or explain the nature of their testimony in arguing that his counsel failed to properly investigate the case.

considered as a basis for finding that his constitutional right to effective assistance of counsel had been denied. *Halfacre*, 265 Ark. at 383, 578 S.W.2d at 239. In *Halfacre v. State*, this court concluded that the appellant had included sufficient allegations in his petition and was, therefore, entitled to a remand so that the trial judge could hear additional evidence on the motion. *Id.* This is precisely Rounsaville's argument in the instant case. He asserts that once he put forth specific allegations of ineffective assistance of counsel, he was entitled to an evidentiary hearing at which he could develop his claim.

We note that Rounsaville is not asking this court to order a new trial. He asks only that we reverse and remand for a hearing on his claim of ineffective assistance of counsel. The State again relies on a footnote in the *Maxwell* opinion, stating this court's refusal to consider Maxwell's suggestion "that we could remand her case for an evidentiary hearing on her ineffective assistance of counsel claims" because she did not support it with citation to authority. The appellant in the instant case, however, cites *Halfacre*, in which this court remanded the case, ordering the trial court to conduct a hearing, make findings, and enter an appropriate order on the claim of ineffective assistance of counsel. *See also Crouch v. State*, 62 Ark. App. 33, 37, 968 S.W.2d 643, 645 (1998) (relying on *Halfacre* to remand the case for a hearing on the defendant's claim of ineffective assistance of counsel). In *Halfacre*, we observed that the trial court, "having just finished the trial and observing the conduct of counsel, was in a unique position to hear and determine the matter." *Halfacre*, 265 Ark. at 383, 578 S.W.2d at 239.

As a final point, the State suggests in one sentence of its brief that Rounsaville is not entitled to relief partly because he did not object to the court's order or move for the circuit court to make specific findings. Its brief reads specifically that the appellant failed "to produce" a sufficient order for review. The State, however, does not cite any authority for the proposition that the appellant was obligated to move the circuit court to make specific findings in order for the Rule 33.3 right to a hearing to be operational. Rounsaville contends, in response, that if he had done so, he would have waived his request for a hearing. He essentially asserts that he deserved the opportunity to develop his claim in a hearing on the motion for a new trial. We agree and reverse and remand to the circuit court for a Rule 33.3 hearing on appellant's ineffective-assistance-of-counsel claim.

The record has been examined in accordance with Arkansas Supreme Court Rule 4-3(h). There are two adverse rulings not appealed by Rounsaville that bear mentioning. Neither constitutes reversible error.

The first adverse ruling involves a witness, Cathleen Graham. In a pretrial conference and again at trial, Rounsaville objected to the testimony of Ms. Graham. The State called her to testify about statements the appellant allegedly made to her regarding the circumstances of the instant case. Ms. Graham testified that Rounsaville told her he "was babysitting that brat. He had to give him a bath because Karen was gone and that he had kissed him and that he had stuck his fingers in his ass and that he would have fucked him if Karen hadn't come home." Ms. Graham was the victim in a different rape case against the appellant. She allegedly told the police what the appellant had said about the victim in this case during her interviews with officers regarding the other rape. The appellant objected to her testimony on the grounds that her statements in court were different from her statements to the police investigators but that he could not impeach her because to do so would open the door for the State to admit testimony of the other pending rape case.

The trial judge ruled that Ms. Graham could testify regarding the statements Rounsaville allegedly made to her but that she could not testify about the pending rape case in which she was a prosecuting witness unless Rounsaville opened the door to that testimony. The trial judge specifically ruled that her testimony about the appellant's statements was relevant and admissible. The decision to admit or exclude evidence is within the sound discretion of the trial judge, and this court will not reverse absent a manifest abuse of discretion. *See, e.g., MacKool v. State*, 365 Ark. 416, 443, 231 S.W.3d 676, 697 (2006). While Ms. Graham's testimony was prejudicial to the appellant, it was also highly probative, and the trial judge did not exhibit a manifest abuse of discretion in permitting her to testify.

Rounsaville also objected, after the jury panel was excused for deliberations, to comments made by the prosecutor in her closing argument. Defense counsel moved for a mistrial based on the following statement: "The defense wants to suggest there's something out there that you don't know and that's why this is here now. Well, if there's something out there, they can put witnesses just like we can on the stand to let you know that there's

something out there." After the jury was excused, the defense attorney objected to this on grounds that it "implied that my client did not testify."

The trial judge denied the motion for a mistrial on grounds that the objection was not made contemporaneously with the prosecutor's statements. The court reporter estimated that the objection came eleven minutes after the prosecutor's statement. Because of this, the judge ruled that he was not given an opportunity to admonish the jury. The trial judge did not abuse his discretion in this regard.

Affirmed in part. Reversed and remanded in part.

WILLS, J., not participating.