

# NSAS COURT OF APPEALS

DIVISION III

**No.** CR–13–221

| | |
|---|---|
| | **Opinion Delivered** January 8, 2014 |
| BOBBY EARL SORRELL<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-2008-351] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BRANDON J. HARRISON, Judge**

In August 2008, Bobby Sorrell pleaded guilty to the sale or delivery of a controlled substance, and he was placed on ten years' probation. In March 2010, the State filed a petition to revoke Sorrell's probation. The petition alleged that Sorrell failed to pay fines and fees, failed to notify the sheriff of his current address and employment, and that he violated the law by committing the criminal offenses of aggravated assault and possession of a firearm by a felon. After a hearing, the circuit court entered an order revoking Sorrell's probation and sentencing him to thirty years in the Arkansas Department of Correction.

As permitted by Rule 4-3 of the Arkansas Rules of the Supreme Court and Court of Appeals and *Anders v. California*, 386 U.S. 738 (1967), Sorrell's attorney has filed a no-merit brief and a motion to withdraw as counsel. Sorrell received a copy of his counsel's brief and filed pro se points for reversal. In his pro se points Sorrell argues that the State

SLIP OPINION

failed to present sufficient evidence to revoke his probation, that the court gave him an "excessive" prison sentence, and that he suffered from ineffective assistance of counsel during the hearing. The State has responded and explained why Sorrell's points would not, in its view, support reversal. Our review of the record shows no adverse rulings in this case except the court's decision to revoke Sorrell's probation.

At the revocation hearing, Fannie Thomas, Sorrell's neighbor, testified that she and another woman named Joyce were arguing outside Fannie's house when Sorrell brandished a handgun and told them to stop the noise. Joyce's fiancé, Mike, intervened and tried to remove Sorrell from the scene. Darrell, Fannie's husband, ushered their children away from the argument. But things escalated and Sorrell ended up firing multiple shots from his gun toward Fannie and Darrell's house; multiple bullets struck the house and damaged it. During the shooting, Darrell told his three daughters to lie down on the floor inside the house to avoid being injured by the bullets. No one was injured, but Fannie testified that Sorrell put serious fear in her, her husband, and her children. Fannie and Darrell identified Sorrell as the shooter.

West Memphis Police Officer Jonathan Hollowell testified that he found five bullet holes in Fannie and Darrell's home and five .40 caliber shell casings in the street. Darrell testified that Sorrell used a 9mm semi-automatic pistol during the shooting. The main point here is that the circuit court heard testimony that Sorrell brandished and fired a semi-automatic pistol and that the .40 caliber shell casings could have been fired from the style of gun Sorrell used.

SLIP OPINION

The State only has to prove that Sorrell violated one condition of his probation to support a revocation. *Cheshire v. State*, 80 Ark. App. 327, 95 S.W.3d 820 (2003). Among other things, Sorrell's probationary terms prohibited him from committing any new crimes. The commission of aggravated assault was one of the grounds on which the State sought to revoke Sorrell's probation and on which the court did so. A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person. Ark. Code Ann. § 5-13-204(a)(1) (Supp. 2011).

*Anders* requires us to make a determination of whether an appeal is wholly frivolous after a full examination of the record. *Baker v. State*, 2011 Ark. App. 480. Counsel's brief adequately explains why it would be meritless to argue that the State failed to prove by a preponderance of the evidence that Sorrell committed an aggravated assault and thus why an appeal on that ground would be frivolous. We agree that the preponderance of the evidence supports the court's revocation of Sorrell's probation and that any insufficient-evidence argument would be meritless.

This brings us to Sorrell's pro se points. He mentions the length of his sentence, but the thirty-year prison sentence the court imposed is legal. *Cox v. State*, 365 Ark. 358, 229 S.W.3d 883 (2006). And Sorrell's ineffective-assistance-of-counsel claim is not preserved for this direct appeal. *Ratchford v. State*, 357 Ark. 27, 159 S.W.3d 304 (2004). Sorrell is not without a remedy; he may challenge the effectiveness of his counsel under Rule 37 of the Arkansas Rules of Criminal Procedure. *Baker, supra.*



The circuit court's decision to revoke Sorrell's probation is affirmed, and we grant his counsel's motion to withdraw.[1]

Affirmed; motion to withdraw granted.

GRUBER and WOOD, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

---

[1]We note that counsel cited the wrong subsection of the rule in his motion to withdraw.  The applicable rule is Rule 4–3(k), not Rule 4–3(j).