SLIP OPINION

Cite as 2016 Ark. App. 507

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–866

| | | |
|---|---|---|
| | | **Opinion Delivered** October 26, 2016 |
| HENRY WILLIAMS | | APPEAL FROM THE PULASKI |
| | APPELLANT | COUNTY CIRCUIT COURT, |
| | | SEVENTH DIVISION |
| V. | | [NO. 60CR–14–961] |
| | | |
| STATE OF ARKANSAS | | HONORABLE BARRY ALAN SIMS, |
| | APPELLEE | JUDGE |
| | | |
| | | REVERSED AND REMANDED |

## CLIFF HOOFMAN, Judge

Appellant Henry Williams appeals after he was convicted by a Pulaski County Circuit Court jury of first-degree battery in connection with the shooting of Jacent Winston. On appeal, appellant contends that (1) the trial court abused its discretion when it allowed prior bad-acts evidence that was not independently relevant and was unduly prejudicial and (2) the trial court abused its discretion when it denied appellant's motion for a mistrial. This appeal returns to our court after we ordered appellant to provide a supplemental addendum to include the jury-verdict forms. *See Williams v. State*, 2016 Ark. App. 261. We hold that the trial court abused its discretion in its evidentiary ruling and reverse and remand on that basis.

Appellant was charged by information with battery in the first degree, possession of

firearms by certain persons,[1] a firearm enhancement, and a child enhancement. Prior to trial, appellant filed a motion in limine to exclude any references to a separate alleged criminal incident that was used by law enforcement in developing him as a suspect. At the pretrial hearing, Detective Jarrod McCauley testified that he investigated the shooting of Jacent Winston that occurred on February 22, 2014. He explained that appellant was developed as a suspect after law enforcement received a separate call from appellant's alleged ex-girlfriend, Cassandra Thomas, stating that appellant had assaulted her. Thomas's description of appellant and his clothing matched the description of the alleged shooter, and the alleged assault occurred approximately a block away from the shooting and was reported only minutes later. After appellant's counsel argued that evidence regarding his alleged assault of Thomas should be excluded under Arkansas Rule of Evidence 404(b) and because the probative value was outweighed by the danger of undue prejudice, the trial court stated that it would "consider it" and that "I don't understand how I could keep that out[.]"

Defense counsel renewed his motion immediately prior to trial, and the trial court stated that it would stand by its prior ruling. During opening statements, defense counsel objected again that this separately reported crime was not admissible. The State responded that this information was relevant on the issue of how appellant was developed as a suspect. The trial court overruled the objection.

At the jury trial, Jacent Winston testified that appellant approached him while he was

---

[1] The possession-of-firearms-by-certain-persons charge was subsequently nolle prossed.

washing his truck in front of his home. His girlfriend and several children were at the home celebrating one child's birthday. Winston stated that appellant pointed a gun at him and told him to "get broke." Winston explained that he slapped the gun away and ran between his truck and the boat in his yard. Appellant shot Winston in the legs. Winston said that appellant tried to shoot him in the head but that appellant's gun either jammed or was out of bullets. The children ran toward Winston, who was on the ground, and appellant proceeded to walk away from the scene. Winston had identified appellant in a photographic lineup presented to him prior to trial, and Winston reaffirmed in open court that appellant was the man who shot him.

Lenya Harmon, Winston's neighbor, and Mary Holmes, Winston's girlfriend, both testified that they heard the gunshots. Harmon said that she ran outside after she heard the shots, saw Winston on the ground, and called 911; she observed a bald, light-skinned person wearing all red walking away from the scene. Holmes testified that she ran to a window from inside Winston's home after she heard multiple gunshots and saw appellant pointing a gun toward the ground. The State asked Holmes to describe what the man was wearing, to which she replied, "He looked like a gangster. He had on all red." Defense counsel objected and moved for a mistrial based on her description of the assailant as a gangster. The trial court denied the motion for mistrial but instructed the jury to disregard the statement.

Detective McCauley testified at trial that he spoke with the victim after responding to the scene and that Winston described the shooter as a light-skinned black male with a shaved head, wearing all red. McCauley stated that he made contact with Cassandra Thomas, which

drew a hearsay and relevancy objection. The State responded that this was not to prove the truth of the matter but to show how appellant became a suspect. After the trial court overruled the objection, McCauley continued his testimony:

> Yes, I responded to 700 West Markham to our police headquarters. I made contact with a Cassandra Thomas. She advised me that she had just been in an altercation with her boyfriend, a Henry Williams, Jr. Ms. Thomas stated that she had been assaulted at the address of 3319 Short Springs in Little Rock, Arkansas. She had multiple injuries to her face, split lip, things of that nature. She had stated that during the altercation, her boyfriend or ex-boyfriend had choked her around the neck and threatened her and also had – –

Defense counsel approached the bench for another objection, stating, "Your Honor, we think this is – – this is far afield. It's 404(b). It's an act that has nothing to do with this incident." The prosecutor offered to "skip over the details," but defense counsel stated that it was too late and that the State had "already got into the fact that she was supposedly bruised and all those sorts of things, and this is a battery case." The trial court ruled that it would allow what had been said but that the State should move on with its questions.

Detective McCauley indicated that Thomas provided a description of appellant that matched the description provided by Winston, and there was close proximity in time and space between these incidents. Therefore, Detective McCauley developed appellant as his suspect. McCauley created a photo lineup, and Winston identified appellant as the shooter.

Appellant testified at trial, and his version of events vastly contradicted that of Winston's version. Appellant did not deny that he spoke with Winston that day. However, he denied that he took out a gun and threatened Winston. Appellant testified that Winston initiated a conversation with him about someone trying to steal Winston's boat motor.

4

Appellant further testified that Winston pulled out a gun, that he tried to grab it away, and that the gun discharged as they "tussled for the gun." He also denied knowing Thomas or that she was ever his girlfriend.

After renewals and denials of prior defense motions, the jury was instructed on the law and retired to deliberate. The jury found appellant guilty of battery in the first degree. This timely appeal followed.

Appellant first argues that the trial court abused its discretion when it allowed prior bad-acts evidence that was not independently relevant and that was unduly prejudicial. Appellant specifically argues that Detective McCauley's testimony regarding the information that he obtained from Thomas was hearsay and that it was immaterial how appellant was developed as a suspect. Furthermore, he argues that the testimony that he had "choked his girlfriend, caused several injuries to her face, threatened her[,] and split her lip" mandates reversal under Arkansas Rules of Evidence 404(b) and 403 because the evidence was introduced to show that he was a bad person, was irrelevant, and was unfairly prejudicial.

A decision to admit or exclude evidence is within the sound discretion of the circuit court. *Rounsaville v. State*, 374 Ark. 356, 288 S.W.3d 213 (2008). Evidence offered by the State in a criminal trial is likely to be prejudicial to the defendant to some degree, otherwise it would not be offered. *Id.* Nevertheless, the evidence should not be excluded under Rule 403 unless the defendant can show that the evidence lacks probative value in view of the risk of unfair prejudice. *Decay v. State*, 2009 Ark. 566, at 9, 352 S.W.3d 319, 327.

We disagree with appellant that this testimony constituted inadmissible hearsay. An

out–of–court statement is not hearsay if it is offered to show the basis of action. *Martin v. State*, 316 Ark. 715, 875 S.W.2d 81 (1994). Here, Detective McCauley's testimony was admissible to the extent that it explained what prompted his investigation of appellant, given the timing and proximity to this crime as well as the matching physical description of the perpetrator. McCauley's testimony was not for the truth of those matters asserted.

We now turn to appellant's Rules 404(b) and 403 arguments. Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." However, even if evidence is relevant under Rule 404(b), Arkansas Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The State is not entitled to introduce evidence of other offenses to persuade the jury that the accused is a criminal and likely to commit the crimes he has been charged with. *Green v. State*, 365 Ark. 478, 231 S.W.3d 638 (2006). Specifically, proof of other crimes is never admitted when its only relevancy is to show that appellant is a man of bad character and addicted to crime. *Id.* In dealing with issues relating to the admission of evidence pursuant to Rule 404(b), a trial court's ruling is entitled to great weight, and this court will not reverse absent an abuse of discretion. *Id.*

Here, Detective McCauley's testimony that Thomas reported that appellant was

involved in an altercation with her in the near vicinity of the shooting and that appellant matched the description of the alleged shooter was independently relevant to prove opportunity and identity and was thus admissible under 404(b). The trial court did not abuse its discretion in its preliminary ruling that this particular evidence would be admissible. However, appellant properly objected at trial to the *specifics* of the altercation, which included Detective McCauley's testimony that Thomas also reported that appellant had choked her, caused several injuries to her face, threatened her, and split her lip. Appellant argues on appeal as he did before the trial court that this evidence went too far, was prejudicial, and was introduced to show that he was a bad person. We agree. The specifics of Thomas's injuries had little to no probative value in proving appellant committed first-degree battery in a separate incident, and it certainly was substantially outweighed by the danger of unfair prejudice. *See Green*, *supra*. Accordingly, we hold that the trial court abused its discretion in allowing the State to introduce evidence regarding Thomas's detailed allegations because this was unfairly prejudicial.

Even if a trial court errs in admitting evidence, when the evidence of guilt is overwhelming and the error is slight, we can declare that the error was harmless and affirm the conviction. *Miller v. State*, 2010 Ark. 1, 362 S.W.3d 264; *Barrett v. State*, 354 Ark. 187, 119 S.W.3d 485 (2003). It cannot be said that evidence is overwhelming when this case turned solely on the credibility of the victim versus the defendant. *Compare Austin v. State*, 2016 Ark. App. 194, 488 S.W.3d 555. The only witnesses as to who initially had the gun and how it was discharged were the victim and appellant, and each presented a very different

version of events. We cannot conclude that the detailed evidence regarding appellant's alleged attack on Thomas had no influence on the jury's determination of who was telling the truth in this first-degree battery case. Because credibility was critical to the jury's resolution of the conflicting stories, we reverse and remand for a new trial. *See Purdie v. State*, 2010 Ark. App. 658, 379 S.W.3d 541.

Appellant next argues that the trial court abused its discretion when it denied appellant's motion for a mistrial. Appellant specifically argues that Holmes's testimony that appellant "looked like a gangster" was not cured by the trial court's instruction to the jury to disregard the remark. Because this issue is not likely to arise on retrial, we do not address this argument. *Brooks v. State*, 2014 Ark. App. 84.

Appellant's conviction is reversed and remanded for a new trial.

Reversed and remanded.

GLOVER and HIXSON, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.