## SUTHERLAND *v.* STATE.

### Opinion delivered September 30, 1905.

1. CRIMINAL LAW—EXPOSURE OF JURY.—When the court placed the jury in a felony case in charge of a specially sworn officer, as provided by Kirby's Digest, § 2390, and the officer, hearing that a member of his family was sick, left the jury in charge of an officer not specially sworn, the purity of the trial was thereby impeached, and the burden was cast upon the State to show that no prejudice in fact resulted. (Page 487.)

2. WITNESS—IMPEACHMENT.—Where a witness testified that he did not see defendant cut deceased's throat, but that he told two persons that he did, it was not admissible to introduce such persons to prove that the witness told them that he · saw defendant cut deceased's throat, as such testimony did not tend to impeach the witness. (Page 488.)

Appeal from Newton Circuit Court.

W. S. McPHERSON, Special Judge.

Reversed.

*W. S. Moore* and *J. M. Shinn,* for appellant.

A new trial should have been granted on account of newly discovered evidence. 57 Ark. 1; 66 Ark. 620; 78 Tex. 421; 42 N. W. 112; 29 Tex. App. 328, 169; 26 Ark. 496; 14 L. R. A. 609; 99 N. Y. 125. It was error to admit evidence of conversations had in the absence of appellant. 36 So. 609; 46 S. E. 840; 76 S. W. 563; 46 S. E. 733. The remarks of the court upon the testimony of Ruth Lewis were improper. Const., art. 7 § 23; 49 Ark. 439; 62 Ark. 126. The instructions as to the credibility of witnesses were erroneous. Hughes, Instr. Jur. 215, 217, 220; 88 S. W. 822; 47 S. E. 37. Instruction No. 9 was abstract and misleading. 43 Ark. 289; 45 Ark. 165, 292; 49 Ark. 165; 53 Ark. 381; 55 Ark. 244; 58 Ark. 108; Const., art. 115; 57 Ark. 1; 66 Ark. 16, 545.

*Robert L. Rogers, Attorney General,* for appellee.

The argument of the prosecuting attorney was not prejudicial. 75 Ark. 67.

WOOD, J. Appellant was convicted of murder in the second degree, and sentenced to nineteen years in the penitentiary.

1. The tenth ground of the motion for new trial alleges that the jury, after being impaneled to try the cause, were ex-

posed to improper influences in this: "that the said jury was not at all times in charge of a specially sworn officer or in the presence of the court." The bill of exceptions shows that, after a part of the evidence for the State had been submitted to the jury, and during the recess of the court, the special bailiff who had charge of the jury received word that a member of his family was sick, and thereupon he left the jury in charge of a regular deputy sheriff, who had not been specially sworn to take charge of the jury and to keep them from improper influences. There were a great many people in the court room where the jury were left. This was all in the absence of the judge and the defendant. Section 2390 of Kirby's Digest is as follows: "The jurors, before the case is submitted to them, may, in the discretion of the court, be permitted to separate, or be kept together in charge of proper officers. The officers must be sworn to keep the jury together during the adjournment of the court, and suffer no person to speak to or communicate with them on any subject connected with the trial, nor to do so themselves."

It is within the discretion of the court, under the statute, before the cause is submitted to the jury, to permit them to separate, or to keep them together. When the court decided to keep them together, that showed that such course was deemed necessary to secure the accused a fair trial. Having exercised the discretion to keep the jury together in charge of proper officers, the statutory requirements should have been complied with, in order to preserve the integrity of the trial. These provisions are designed to shield the jury from any extraneous influences that might prevent a fair and impartial trial. The purity of the trial is impeached *prima facie* by showing that the jury was subjected to such influences, and the burden was at least cast upon the State to show that no prejudice in fact resulted. *Maclin* v. *State,* 44 Ark. 115; *Vaughan* v. *State,* 57 Ark. 1.

2. Lee Newman, a witness on behalf of the State, testified that he did not see defendant cut deceased's throat, but that he told George Pruett and George Burns that he did. Over the objection of appellant, witnesses George Pruett and George Burns were permitted to testify in substance that Lee Newman told them that he saw defendant cut deceased's throat. This testimony of Pruett and Burns was hearsay, and therefore incompetent. It was not in contradiction of anything witness Newman had testi-

fied to, and was not therefore admissible to impeach such witness. No proper foundation had been laid for his impeachment. By permitting this testimony the State was allowed to show indirectly what she could not prove directly. The testimony was improper and erroneous. But its prejudicial effect was probably removed by an instruction which was given by the court at the instance of appellant. For this reason we would not reverse for this error alone. The error in this regard will not likely be repeated on another trial. For the error in not granting new trial for the reason set up in the tenth ground of the motion therefor, the judgment is reversed, and the cause is remanded for·that purpose.