Kenny J. HALFACRE & Walter Andrew
DUTY *v.* STATE of Arkansas

CR 78-221                           578 S.W. 2d 237

Opinion delivered March 26, 1979
(Division II)

---

*James E. Davis,* for appellants.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Kenny J. Halfacre and Walter Andrew Duty were jointly tried, at their request, on charges of aggravated robbery. They were found guilty. Halfacre was sentenced to 15 years in the penitentiary; Duty was sentenced to 12 years.

On appeal from the judgment of the Hempstead County Circuit Court they allege three errors: A .22 caliber pistol and $262.00 in currency were improperly admitted because a proper chain of custody was not established; the information was defectively drawn omitting critical language; and, the trial court erred in denying the appellants a post-trial evidentiary hearing on allegations of ineffective assistance of counsel.

We find no merit to any allegation of error regarding the trial. However, there is merit to the appellants' contention regarding the post-trial hearing.

The facts are uncomplicated. James Green, the owner of Green's Grocery and Service Station in Fulton, Arkansas, testified that two white males, driving a yellow Datsun 280Z, robbed him at about 4:00 p.m. on the 27th of January, 1978. He said they took all the bills and quarters in the cash register. He estimated the cash taken to be about $300.00. He immediately called the state police telling them that he had been robbed by two white males driving a yellow Datsun 280Z. He indicated they were headed toward the town of Saratoga. The police put out a radio alert to all local law enforcement officials and several police cars converged on the area.

A sheriff's vehicle, driving toward Saratoga, passed a yellow Datsum 280Z occupied by two white males going in the opposite direction. The officers in the sheriff's vehicle made an immediate turn and gave chase. The Datsun left the highway and was stopped shortly thereafter by the sheriff's vehicle in a churchyard. A state police vehicle arrived on the scene at about the same time.

The suspects and their vehicle were searched. The officers found a blue-steel .22 caliber pistol and one officer took about $200.00 in currency from one of the appellants and another officer took about $62.00 in currency from the other appellant. The gun and the money were later turned over to the sheriff.

The gun and the currency, after being identified by the

sheriff during the trial, were admitted into evidence. He said he gave receipts to the officers for the items. The currency consisted of the following denomination of bills: fifty-two $1.00 bills, five $20.00 bills, seven $10.00 bills and eight $5.00 bills.

Green, in his testimony, identified the appellants as the robbers and said that the gun used in the robbery appeared to be a blue-steel .22 caliber pistol.

The appellants stated that it was error to admit the gun and currency because there was no proper chain of custody. However, their argument is actually that the gun was not shown to have been used in the robbery nor was the money shown to have come from Green's Grocery.

Green had testified that he was robbed at gunpoint and described the gun as a blue-steel .22 caliber pistol. Such a pistol was taken from the appellants' vehicle and introduced into evidence. In a similar case, it was shown that a gun similar to one used in the commission of a crime was properly admitted as relevant evidence. *U.S.* v. *Cunningham,* 423 F. 2d 1269 (4th Cir. 1970). In another situation, where a chrome-plated handgun was admitted into evidence, it was held that it was improper when prosecution witnesses testified that such a gun was not used in the robbery. *Walker* v. *U.S.,* 490 F. 2d 683 (8th Cir. 1974). It, therefore, becomes a question of similarity and relevance. The handgun described by Green was similar to that taken from the appellants' vehicle; it was seized immediately after a report of the alleged robbery. The gun was properly admitted as evidence.

We find that the admissibility of the currency was also proper for the same reasons. Green said that they took all the bills from his cash register. He immediately reported the robbery to the police. Vehicles converged on the appellants within fifteen to twenty minutes after the report was received and they were found to have in their possession $260.00 or $262.00 in bills of various denominations. There was testimony that over a "handful of quarters" were found in the vehicle the next day during a more thorough search of the vehicle. The quarters were located between the two seats in a

console. The immediate report of the robbery, the definitive description of the suspects as being two white males driving a yellow Datsun 280Z and the arrest shortly thereafter, lend weight to the admissibility of the currency. In a similar situation we found that such currency was admissible as relevant. *Logan* v. *State,* 264 Ark. 920, 576 S.W. 2d 203 (1979).

The information charged that the appellants ". . . on the 27th day of January, 1978, in Hempstead County, Arkansas, did willfully, unlawfully and feloniously and with physical force rob Green's Grocery of an undetermined amount of cash, . . . . "

The Arkansas Statutes define aggravated robbery as follows:

(1) A person commits aggravated robbery if he commits robbery as defined in section 2103 and he:

(a) is armed with a deadly weapon, or represents by word or conduct that he is so armed; or

(b) inflicts or attempts to inflict death or serious physical injury upon another person.

Ark. Stat. Ann. § 41-2102 (Repl. 1977).

The appellants argue that they could not be convicted of aggravated robbery because there was no allegation that either of the appellants were armed with a deadly weapon, represented by word or conduct that they were so armed, inflicted or attempted to inflict death or serious injury upon another person.

We do not consider this argument on appeal because there was no objection before or during the trial as to the defective information. *Ferguson* v. *State,* 257 Ark. 1036, 521 S.W. 2d 546 (1975). We do not review errors raised for the first time on appeal. *Haynie* v. *State,* 257 Ark. 542, 518 S.W. 2d 492 (1975).

After the appellants were convicted and sentenced, they

wrote directly to the trial judge asking for a hearing on the question of effectiveness of their court-appointed counsel. On the motion of the State that the petition did not allege grounds for a new trial, the court found the petition to be actually in the form of a petition for Rule 37 relief and dismissed it without a hearing.

We feel the petition did allege sufficient grounds for a hearing. Ark. Stat. Ann. § 43-2203 (Repl. 1977) sets forth reasons for which a new trial may be granted. The last reason reads:

> Where, from the misconduct of the jury, or any other cause, the court is of the opinion that the defendant has not received a fair and impartial trial.

The petition, filed a few days after judgment, was not couched in conclusory language but specifically recited instances which could be considered as a basis for finding that their constitutional right to effective assistance of counsel had been denied. *Deason* v. *State,* 263 Ark. 56, 562 S.W. 2d 79 (1978). While such a matter can be raised by way of a petition for relief under Rules of Crim. Proc., Rule 37, a trial court is not precluded from hearing evidence on such a motion as grounds for a new trial. We suggested such a procedure in *Hilliard* v. *State,* 259 Ark. 81, 531 S.W. 2d 463 (1976).

The trial court, having just finished the trial and observing the conduct of counsel, was in a unique position to hear and determine the matter; such a hearing enables us to review the matter on appeal.

Therefore, we remand the matter for the court to conduct such a hearing and make findings and enter an appropriate order. Subject to the outcome of the hearing, we find no error in the record.

Affirmed in part and remanded.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.