Gina Paige CROUCH *v*. STATE of Arkansas

CA CR 97-1399                                         968 S.W.2d 643

Court of Appeals of Arkansas
Division II
Opinion delivered May 6, 1998

*Ralph M. Cloar, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Mac Golden*, Asst. Att'y Gen., for appellee.

D. FRANKLIN AREY, III, Judge. Appellant Gina Paige Crouch's probation was revoked by the Pope County Circuit Court; she was sentenced to forty-eight months in the Arkansas Department of Correction. The trial court subsequently denied her posttrial Motion for Arrest of Judgment and for New Trial without a hearing. On appeal, appellant argues that the trial court erred by failing to provide her a hearing on this motion, and by summarily denying the motion without a hearing, written find-

ings of fact, or written conclusions of law. We find merit in appellant's first point, and remand this case for a hearing on appellant's motion.

On February 25, 1997, appellant entered a plea of guilty of carnal abuse in the third degree. She was placed on four years' probation. Her probation was conditioned upon, among other things, her having no contact with the victim.

The State filed a Petition for Revocation on May 21, 1997, alleging that appellant had written letters to the victim in violation of her probation. At a hearing on July 7, 1997, two handwritten, undated letters were introduced; the letters were addressed to the victim, and one of them was signed with appellant's name. The letters were found by the victim's mother in the victim's belongings. The letters were admitted into evidence over appellant's objection.

The trial court held that there was no doubt that the letters were from appellant to the victim. It found that the State had proven by a preponderance of the evidence that appellant violated the conditions of her probation by contacting the victim; the court then revoked appellant's probation and sentenced her to a term of four years' imprisonment.

Appellant then filed a Motion for Arrest of Judgment and for New Trial, alleging deprivation of her constitutional rights to due process and effective assistance of counsel. Appellant specifically requested that the trial court set this motion for a hearing on a date certain. The motion was premised upon trial counsel's failure to investigate and prepare for the hearing, lack of diligence in conducting discovery, failure to have an expert review the letters, or otherwise prepare and present an adequate defense. The trial court denied appellant's motion without a hearing and without written findings of fact or conclusions of law.

On appeal, appellant asserts that, pursuant to Arkansas Rules of Criminal Procedure 33.3 and 37.3, and Arkansas Code Annotated section 16-91-105(b)(4) (1987), the trial court was required to conduct a hearing on her motion and to set forth written findings of fact and conclusions of law. The State's response is two-

fold. First, it argues that appellant failed to fully develop the facts and circumstances surrounding her ineffective assistance of counsel claim so that this appeal should be affirmed. In the alternative, it argues that the trial court committed no error because the record and files before the trial court conclusively demonstrated that the motion was without merit.

■ The disposition of this appeal is controlled by Rule 33.3 and *Halfacre v. State*, 265 Ark. 378, 578 S.W.2d 237 (1979). Rule 33.3 allows a convicted felon to file a motion for new trial, a motion in arrest of judgment, or any other application for relief prior to the time fixed to file a notice of appeal.

> The trial court *shall designate a date certain, if a hearing is requested* or found to be necessary, to take evidence, hear, and determine all of the matters presented within ten (10) days of the filing of any motion or application unless circumstances justify that the hearing or determination be delayed.

Ark. R. Crim. P. 33.3 (emphasis supplied). Thus, generally speaking, if a hearing is requested, the trial court *shall* designate a date certain for a hearing. *But see Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996) (finding no error in the trial court's refusal to hold a hearing because the hearing would have been superfluous).

In *Halfacre*, two defendants were tried jointly and were found guilty. After they were convicted and sentenced, they wrote to the trial judge asking for a hearing on the question of the effectiveness of their court-appointed counsel. The trial court found their petition to actually be in the form of a petition for Rule 37 relief, and dismissed it without a hearing. *Halfacre*, 265 Ark. at 383, 578 S.W.2d at 239. Our supreme court noted that the petition "was not couched in conclusory language, but specifically recited instances which could be considered as a basis for finding that [the defendants'] constitutional right to effective assistance of counsel had been denied." *Id.*

> While such a matter can be raised by way of a petition for relief under [Ark. R. Crim. P. 37], a trial court is not precluded from hearing evidence on such a motion as grounds for a new trial. . . .

> The trial court, having just finished the trial and observing the conduct of counsel, was in a unique position to hear and determine the matter; such a hearing enables us to review the matter on appeal.

*Id.* Our supreme court remanded the matter for the trial court to conduct such a hearing, make findings, and enter an appropriate order. *Id.*

█ In her motion, appellant requested a hearing; nonetheless, the trial court ruled on the motion without granting appellant a hearing. Such a hearing would have enabled us to review this matter on direct appeal. *See Halfacre*, 265 Ark. at 383, 578 S.W.2d at 239. Given the specificity of appellant's motion, the plain language of Rule 33.3, and our supreme court's decision in *Halfacre*, this matter should be remanded for a hearing on appellant's motion.

The State's argument is premised upon *Dodson v. State*, 326 Ark. 637, 934 S.W.2d 198 (1996). That case is distinguishable. In *Dodson* the defendant filed a timely posttrial motion for a new trial, alleging ineffective assistance of counsel. The trial court did not rule on the motion; nonetheless, the defendant brought an appeal, arguing that the motion was "deemed denied," and thus ripe for appeal. *Id.* at 641, 934 S.W.2d at 200. Our supreme court noted that "in the interest of judicial economy, this court will review claims of counsel's ineffectiveness on direct appeal provided that the allegation is raised before the trial court (i.e., in a motion for new trial) and that the facts and circumstances surrounding the claim have been fully developed." *Id.* at 642, 934 S.W.2d at 201. The *Dodson* court concluded that it could not address the merits of the motion for new trial.

> In the case at hand, we have not been provided with anything other than the bare allegations set out in [defendant's] motion for new trial. We have no evidence as to why trial counsel made the particular decisions which are challenged in this appeal. . . . Such information is necessary for us to conduct a meaningful review of the allegations.
> . . .[W]e conclude that a "deemed denied" ruling on a posttrial motion for new trial is an insufficient order from which to raise on direct appeal a claim of ineffectiveness. Such a

> deemed ruling necessarily precludes any consideration by the trial court of the relevant facts pertaining to the claim. As the trial court is in the best position to evaluate trial counsel's performance and competency, an order reciting its findings is necessary to enable us to conduct a meaningful review of the claim.

*Id.* at 644, 934 S.W.2d at 201-202.

In the case at bar, we have a ruling on the motion; in *Dodson,* the court's disposition turned upon the fact that the motion was "deemed denied" *without* a ruling, and was thus insufficient for the purpose of raising on direct appeal a claim of ineffective assistance of counsel. The case before us is controlled by *Halfacre.* Because there was no hearing, we do not have adequately developed facts and circumstances surrounding the claim to enable us to conduct a meaningful review, so the case should be remanded.

Our disposition on appellant's first point makes it unnecessary for us to consider her arguments concerning Ark. R. Crim. P. 37. Therefore, we express no opinion on those arguments.

Reversed and remanded.

PITTMAN and GRIFFEN, JJ., agree.