**Ray DANSBY, Petitioner–Appellant**

**v.**

**Ray HOBBS, Director, Arkansas Department of Correction, Respondent–Appellee.[1]**

**No. 10–1990.**

United States Court of Appeals, Eighth Circuit.

Filed: Sept. 7, 2012.

Rehearing En Banc Denied Sept. 7, 2012.\*

---

1. Ray Hobbs is substituted for his predecessor 1 as respondent-appellee. *See* Fed. R.App. P. 43(c)(2).

\* Judge Shepherd did not participate in the consideration or decision of this matter.

Josh Lee, FPD, argued, Julie Pitt, AFPD, on the brief, Little Rock, AR, for appellant.

Christian Harris, AG, argued, Little Rock, AR, for appellee.

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.

## ORDER ON PETITION FOR REHEARING BY THE PANEL

COLLOTON, Circuit Judge.

This panel filed an opinion in this case on June 21, 2012. *Dansby v. Norris,* 682 F.3d 711 (8th Cir.2012). Ray Dansby petitions for rehearing on one issue: whether the court should expand the certificate of appealability on his claims that his counsel at trial and on direct appeal rendered ineffective assistance of counsel. The district court concluded that these claims were procedurally defaulted, because Dansby did not present them in the Arkansas courts during state collateral review. We rejected Dansby's argument that the intervening decision in *Martinez v. Ryan,* —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), filed after this case was argued and submitted, made the district court's ruling debatable. 682 F.3d at 726. We deny the petition for rehearing with this explanation.

Dansby has litigated at length the scope of the certificate of appealability in this case. After the district court granted a certificate on three issues, this court authorized Dansby to file a 100–page application to expand the certificate. A panel of this court granted the application on two claims. After the case was argued and submitted in September 2011, Dansby filed a "renewed" motion to expand the certificate in November 2011. He then filed an "amended renewed" motion to expand the certificate in January 2012. The "amended

renewed" application cited *Martinez,* which was then pending at the Supreme Court, and argued that ineffective assistance of Dansby's postconviction counsel was sufficient cause to excuse a procedural default.

Following the Supreme Court's decision in *Martinez* in March 2012, Dansby filed a letter pursuant to Federal Rule of Appellate Procedure 28(j), asserting that *Martinez* dictated an expansion of the certificate of appealability on his claims of ineffective assistance of counsel. He argued that "[s]tate postconviction review proceedings were the first meaningful chance that Mr. Dansby had to raise" his claims that trial counsel and appellate counsel were ineffective. Dansby's letter concluded that "[t]o the extent that this 350–word letter is insufficient to join the numerous post-*Martinez* issues raised by this case, this Court should order supplemental briefing." The State filed a reply. There was no motion for leave to file a supplemental brief. The serial applications to expand the certificate, and the supplemental letters, were fully considered by the court.

■ Dansby now asserts that rehearing is warranted because the court did not call for supplemental briefing on whether to expand the certificate. This court thoroughly considered Dansby's contention that *Martinez* warrants an expansion of the certificate of appealability. The panel concluded that it was unnecessary to order supplemental briefing on the court's own motion. We now have considered Dansby's petition for rehearing, which is devoted entirely to *Martinez,* and the authorities cited therein. The issues have been adequately presented.

Dansby next argues that the court "exceeded the scope of its jurisdiction" by rendering a precedential decision on his application to expand the certificate of ap-

pealability. He complains that "[a]lmost invariably, this Court resolves such issues on the basis of an unpublished, non-precedential, one-line order," and that it was error to publish an opinion that explained our denial of the application. He suggests that *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), "forbids" the issuance of such an opinion.

Not long ago, another capital defendant urged precisely the opposite conclusion. The petition for rehearing in *Williams v. Roper*, No. 10–2682, complained that a "panel's unexplained, blanket denial of a COA does not comport with the standards required by statute and settled case law." Petition for Rehearing and Suggestion for Hearing En Banc at 4, *Williams v. Roper*, No. 10–2682 (8th Cir. Jan. 12, 2011). Williams quoted *Miller–El* for the propositions that " 'the COA determination under [28 U.S.C.] § 2253(c) *requires* an overview of the claims in the habeas petition and *a general assessment* of their merits,' " *id.* (quoting 537 U.S. at 336, 123 S.Ct. 1029), and that the COA process " 'must not be *pro forma* or a matter of course.' " *Id.* (quoting 537 U.S. at 337, 123 S.Ct. 1029). Williams complained that "a summary denial of the COA without the issuance of a reasoned opinion analyzing the merits of any of petitioner's constitutional claims leaves nothing of constitutional substance for further discretionary review before the United States Supreme Court." *Id.* at 6. Whereas Dansby contends that *Miller–El* forbids an explanation for the denial of a certificate, Williams urged that *Miller–El* requires one.

■ We do not think § 2253(c) or the Supreme Court's decisions regarding certificates of appealability dictate that a court of appeals must or must not publish a statement of reasons when it denies an application for a certificate. Whether to issue a summary denial or an explanatory opinion is within the discretion of the court. But when a habeas petitioner files more than one hundred pages of documents urging the court to expand a certificate of appealability, and when a petition for writ of *certiorari* is sure to ensue, nothing in the governing statutes or decisions prevents a court of appeals from explaining to some degree its decision to deny the application. That it may require several paragraphs to explain why a particular ruling is not debatable does not mean that the court has exceeded its authority by giving the explanation.

■ Beyond his quarrel with procedure, Dansby takes issue with our conclusion that *Martinez* does not make the district court's procedural ruling debatable. In our opinion, we set forth the rule of *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that " 'ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural default.' " 682 F.3d at 728 (quoting *Wooten v. Norris*, 578 F.3d 767, 778 (8th Cir. 2009)). *Martinez* announced only a "narrow exception" to that rule:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S.Ct. at 1320. The exception "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." *Id.*

Dansby contends that because Justice Scalia and Justice Thomas, dissenting in *Martinez*, saw no principled basis for the limitations articulated by the Court, 132

S.Ct. at 1321 & n. 1 (Scalia, J., dissenting), and predicted that they "will not last," *id.* at 1321 n. 1, reasonable jurists could debate whether the limitations articulated by the Court are really limitations. The proposed conclusion does not follow from the premise. The Court was clear that the exception to the rule of *Coleman* was narrow, and stated expressly that the inferior courts are to apply the rule of *Coleman* "in all but the limited circumstances recognized" in *Martinez.* 132 S.Ct. at 1320 (majority opinion). These "limited circumstances" included that the State "requires claims of ineffective assistance at trial to be reserved for state collateral proceedings." *Id.* at 1314. The dissenting Justices in *Martinez* would not even have created the narrow exception announced in that decision, so their disagreement with the Court's reasoning hardly suggests that the narrow exception will be expanded. That the dissenters criticized the Court's rationale as unprincipled does not mean that we are free to debate whether the limitations announced by the Court are truly limitations that we must apply.

Dansby also cites a separate opinion in the Fifth Circuit, *Ibarra v. Thaler,* 687 F.3d 222, 228–31 (5th Cir.2012) (Graves, J., concurring in part and dissenting in part), and a decision of a district court in *Williams v. Alabama,* No. 1:07–cv–1276–KOB–TMP, 2012 WL 1339905, at *60–*62 (N.D.Ala. Apr. 12, 2012). The majority in *Ibarra* concluded, as do we, that the narrow *Martinez* exception to *Coleman* does

not apply where a State's procedures permit a defendant to raise ineffective-assistance claims in a motion for new trial and on direct appeal. *Ibarra,* 687 F.3d at 227; *see also Gill v. Atchison,* No. 11 C 7868, 2012 WL 2597873, at *5 (N.D.Ill. July 2, 2012); *Arthur v. Thomas,* No. 2:01–CV–0983–LSC, 2012 WL 2357919, at *9 (N.D.Ala. June 20, 2012). The district court in *Williams,* without acknowledging the express limitations announced in *Martinez,* declared summarily that ineffective assistance of postconviction counsel constituted "cause" to excuse a procedural default of a claim of ineffective assistance of appellate counsel. We agree with the Fifth Circuit majority, and we conclude that the district court in *Williams* was wrong. That one or two judges may agree with some aspect of Dansby's position does not establish that reasonable jurists could debate the merits of the district court's ruling. *See Moore v. Johnson,* 225 F.3d 495, 501 n. 1 (5th Cir.2000); *cf. Williams v. Taylor,* 529 U.S. 362, 409–10, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The standard for issuance of a certificate of appealability is an objective one, and we think the limitations announced by the Supreme Court in *Martinez* are clear.[2]

Finally, Dansby maintains that Arkansas actually did forbid him to raise a claim of ineffective assistance on direct appeal, so there is at least a debatable question whether he is eligible for relief under *Martinez* on that basis. As explained in our

---

2. Dansby asserts that the panel opinion erred in relying on *Wooten v. Norris,* because "circuit precedent may not be treated as controlling when the issue is whether a certificate of appealability should be granted." But *Wooten* simply applied the rule of *Coleman,* and the Supreme Court said that the rule of *Coleman* applies in all but the limited circumstances recognized in *Martinez.* In any event, we disagree that *Tennard v. Dretke,* 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004), forbids a court of appeals to consider circuit

precedent in deciding whether to issue a certificate of appealability. *Tennard* did not hold that the court of appeals erred in denying a certificate because it relied on circuit precedent *per se.* The error in *Tennard* was that the circuit precedent on which the court of appeals relied had "no foundation" in the decisions of the Supreme Court. *Id.* at 284, 124 S.Ct. 2562. Not so with *Wooten,* which faithfully applied *Coleman.* *See* 578 F.3d at 778.

opinion, Arkansas law permitted Dansby to raise a claim of ineffective assistance of trial counsel in a motion for new trial and then on direct appeal. In *Hilliard v. State*, 259 Ark. 81, 531 S.W.2d 463 (1976), the Arkansas Supreme Court declined to consider a claim of ineffective assistance that was not raised in the trial court, but explained that such a claim could be raised *"through a motion for new trial* or a motion for post conviction relief." *Id.* at 464 (emphasis added). In *Halfacre v. State*, 265 Ark. 378, 578 S.W.2d 237 (1979), the Arkansas Supreme Court said that while a convicted person can raise a claim of ineffective assistance by way of a postconviction petition for relief, "a trial court is not precluded from hearing evidence on such a motion as grounds for a new trial." *Id.* at 239. The court observed that the trial court, "having just finished the trial and observing the conduct of counsel, was in a unique position to hear and determine the matter." *Id.* The state supreme court remanded the case for a hearing, because "such a hearing enables us to review the matter on appeal." *Id.* Of course, to raise a claim of ineffective assistance on direct review, the defendant must obtain new counsel (or proceed *pro se*) to challenge the performance of prior counsel. But, as *Halfacre* shows, Arkansas law does not preclude that procedure. *See id.* (explaining that "[a]fter the appellants were convicted and sentenced, they wrote directly to the trial judge asking for a hearing on the question of effectiveness of their court-appointed counsel"); *see also State v. Robinson*, No. CR 10–810, 2011 WL 737152, at *3–*4 (Ark.2011) (explaining that after the defendant was convicted, he retained new counsel and filed a motion for new trial alleging ineffective assistance of counsel, which was granted); *Missildine v. State*, 314 Ark. 500, 863 S.W.2d 813, 817 (1993) ("Missildine argues that she was assisted ineffectively at trial by her counsel. Attorney Carolyn Lee Whitefield raised the issue following the trial by filing a motion for a new trial and a motion to arrest judgment, alleging that Missildine received incompetent representation at trial from attorney Thomas A. Potter.").

Dansby relies on *Tucker v. State*, 313 Ark. 624, 855 S.W.2d 948 (1993), where the Arkansas Supreme Court declined to consider a claim of ineffective counsel on direct appeal, even though the defendant had filed a motion for new trial alleging ineffective assistance of counsel at trial. *See id.* at 949, 951. Four months later, however, the Arkansas court held that because a defendant had "raised her ineffective counsel issue by motion for new trial and a hearing was conducted on the issue, ... it is proper for her to argue this subject on direct appeal." *Missildine*, 863 S.W.2d at 818. The court said that "[t]o the extent our *Tucker* holding is in conflict with this decision, that holding is overruled." *Id.*

*Tucker* does not establish a debatable question about whether Dansby was required to reserve his claim of ineffective assistance for state collateral proceedings. The trial court entered final judgment in Dansby's case on June 15, 1993. At that time, it was clear from *Hilliard* and *Halfacre* that a defendant could raise a claim of ineffective assistance in a motion for new trial and then on direct appeal. Dansby, however, elected not to file a motion for new trial, and he filed a notice of direct appeal on June 28, 1993. *Tucker* was decided on June 28, 1993, but it was overruled in relevant part by *Missildine* on October 25, 1993. Dansby did not file his opening brief on appeal until July 1994. Arkansas law thus did not prevent Dansby from raising a claim of ineffective assistance in a motion for new trial and then on direct appeal in 1994.

For these reasons, we adhere to our decision denying Dansby's application to expand the certificate of appealability.

The petition for rehearing by the panel is denied.