Cite as 2021 Ark. App. 123

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR–20–371

| | |
|---|---|
| LARRY ZANE NEFF<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **OPINION DELIVERED** MARCH 17, 2021<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR–18–745]<br><br>HONORABLE CARLTON D. JONES, JUDGE<br><br>AFFIRMED |

## ROBERT J. GLADWIN, Judge

Larry Zane Neff appeals his rape and second-degree sexual-assault convictions in the Miller County Circuit Court. On appeal, Neff asks this court to remand his case to the circuit court for a hearing on his motion for new trial based on juror misconduct. We affirm.

### I. *Facts*

Neff was charged with the rape and sexual assault in the second degree of his step-granddaughter, who was less than fourteen years old at the time. He was convicted by a jury on both counts and sentenced concurrently to thirty years' imprisonment, which is reflected in the September 26, 2019 sentencing order. On October 24, Neff filed a motion for new trial based on an allegation of juror misconduct.

The new-trial motion alleged that the jurors had been instructed not to talk to anyone involved with the case in order to "do justice" and to "give the appearance of doing

justice." Neff relied on Arkansas Code Annotated section 16–89–130(c)(7) (Repl. 2015), which allows for a new trial based on the "misconduct of the jury or from any other cause" when the "court is of [the] opinion that the defendant has not received a fair and impartial trial." Neff alleged that the only applicable remedy was for the circuit court to set aside his conviction and order a new trial.

Attached to the motion is an affidavit executed by Susan Bledsoe, a defense witness, who testified during the sentencing phase of Neff's trial. Bledsoe's affidavit states that when the circuit court recessed for lunch on Wednesday, September 25, 2019, she was among the last to leave the courtroom. In the hallway, she saw Irene Banks, the great-grandmother of the complaining witness, speaking to another woman, who was unknown to Bledsoe. The conversation between Banks and the woman took place across the hallway from the ladies' restroom. Bledsoe saw Banks pat the woman on her shoulder several times while they were speaking, and Banks's face was intense and serious. Bledsoe stated that she has known Banks for years and has never known her to engage in conversation with someone whom she did not know. She described Banks as very loud and not "touchy." She concluded that the two women knew each other well. She stated that after several minutes, Banks "looked up from her conversation and looked directly at" Bledsoe. Banks patted the other woman on the shoulder one last time, laughed loudly, and said, "Well, I've got to go." Bledsoe stated that "this is the only part of the conversation that I heard." When Banks walked away, Bledsoe saw the other woman turn and watch Banks leave, and Bledsoe was able to see the other woman's face. Bledsoe was later called to testify on Neff's behalf, and she looked at the jurors and recognized the woman who had been talking with Banks as Juror No. 12,

Beatrice Browning. Bledsoe stated that she tried to contact Neff's attorney on September 27 but did not speak with him until September 30. She met with Neff's attorney on October 4 and gave her statement.

On November 15, the State filed its response with an attached affidavit of Beatrice Browning and argued that Browning followed the circuit court's instructions and that Neff did not have grounds for a new trial. Browning's affidavit states that she was Juror No. 12 in Neff's jury trial; that no one tried to approach her to discuss the case; that she did not talk to anyone about the case or the evidence presented except for the other jurors during deliberations; that she does not know any of the family members in the case "unless they testified"; that she had waited outside the bathroom and while doing so, an unknown woman walked toward the restroom and asked if someone was in the bathroom; that she replied, "Yes, there usually is," and the woman said that she was going downstairs to find another restroom; the woman was unknown to her, did not identify herself, did not touch her, and "may have stood there for thirty seconds." Browning described the woman as being in her thirties and not appearing to be over forty years old. Browning stated that she did not speak to anyone about the case or evidence and that she based her deliberations and verdict solely on the evidence presented in the case. She stated that she did not talk to anyone about the case and that if the woman who approached the restroom was associated with the case, "it was and is unknown to me." She concluded by stating, "I did not let anyone or anything influence my decision in reaching a verdict except the evidence presented in the courtroom."

The circuit court did not rule on Neff's motion for new trial, and it was deemed denied on November 23. This appeal followed.[1]

## II. *Applicable Law and Standard of Review*

According to Rule 33.3 (2020) of the Arkansas Rules of Criminal Procedure, a convicted felon may file a motion for new trial within thirty days after the date of entry of judgment, and if a hearing is requested or found to be necessary, the circuit court shall designate a hearing date. Ark. R. Crim. P. 33.3(a) & (b). If the circuit court neither grants nor denies the posttrial motion within thirty days of its filing, the motion shall be deemed denied. Ark. R. Crim. P. 33.3(c). The decision whether to grant or deny a motion for new trial lies within the sound discretion of the circuit court, and this court will reverse only if there is a manifest abuse of discretion. *Taffner v. State*, 2018 Ark. 99, at 14, 541 S.W.3d 430, 438. A circuit court's factual determinations on a motion for a new trial will not be reversed unless clearly erroneous, and the circuit court determines issues of credibility. *Id.* The party moving for a new trial bears the burden of proving, first, that juror misconduct occurred, and second, that there was a reasonable probability of resulting prejudice. *Id.* The court does not presume prejudice but rather presumes that jurors are unbiased and qualified to serve, and the appellant has the burden to show otherwise. *Id.*

## III. *Argument*

Neff argues that pursuant to *Remmer v. United States*, 347 U.S. 227, 229 (1954), in a criminal case, any private communication, contact, or tampering directly or indirectly, with

---

[1]Neff did not file a notice of appeal; however, this court granted Neff's motion to file belated appeal on August 19, 2020.

a juror during a trial about the matter pending before the jury is deemed presumptively prejudicial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the State to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant. *Id.*

Neff argues that this due-process rule in *Remmer* applies to the State under the Fourteenth Amendment to the United States Constitution. *Smith v. Phillips*, 455 U.S. 209 (1982). He further contends that the *Remmer* presumption is mirrored in Arkansas by *Sutherland v. State*, 76 Ark. 487, 89 S.W. 462 (1905), wherein our supreme court held that the court must ensure that jurors remain under the watchful eyes of proper officers, even during a recess. *Id.* Neff claims that Bledsoe's affidavit did not reflect that she saw any officers of the court accompanying Browning or other jurors in the hallway, and Browning's affidavit does not describe officers accompanying any jurors into the hallway. He argues that a postconviction *Remmer* hearing would allow the circuit court to delve into questions regarding juror behavior, demeanor under cross-examination, and credibility. He argues that without a hearing, it would seem premature to require him to show prejudice.

Neff claims that because the State did not file its response until November 15, a request for a hearing in his motion for new trial would have been premature. Further, he claims that a request within his motion would have been futile because the circuit court did not consider or act on the motion within the thirty days necessary to avoid the motion's deemed denial. He asserts that the circuit court erred by failing to sua sponte set a hearing

5

to take evidence within ten days of the filing of the posttrial motion. Ark. R. Crim. P. 33.3(a). He argues that his due-process rights were prejudiced because of the State's delay in filing the opposing affidavit as "both appellant and the trial court would have been hard pressed at such a late juncture to subpoena witnesses, conduct the hearing, and have a decision made in the five remaining business days before deemed-denied rule foreclosed the matter entirely." Neff claims that the remedy for allegations of juror partiality or bias is a hearing in which the defendant has the opportunity to prove bias. *Smith*, *supra*.

We hold that Rule 33.3(a) does not contain a mandate for the circuit court to hold a hearing on a posttrial motion if the motion does not request a hearing, and Neff is not entitled to one in this instance. The rule provides that a hearing shall be set "*if . . . it is requested or found to be necessary.*" Ark. R. Crim. P. 33.3(a) (emphasis added). Neff did not ask for a hearing in his posttrial motion, and we note that *Remmer*, *supra*, on which Neff relies, is distinguishable because the defendant asked for a hearing in his motion for new trial. *See Remmer*, 347 U.S. at 228.

Pursuant to *Sanders v. State*, 2009 Ark. App. 833, if the party seeking a new trial does not request a hearing, the decision of whether to hold a hearing is a matter of discretion for the circuit court. In *Sanders*, we stated,

> The trial court's order is well considered and well-reasoned, addressing appellant's grounds for a new trial, many of which did not involve claims of ineffective assistance. The three primary cases relied upon by appellant in the appeal to this court, *Rounsaville v. State*, 374 Ark. 356, 288 S.W.3d 213 (2008), *Halfacre & Duty v. State*, 265 Ark. 378, 578 S.W.2d 237 (1979), and *Crouch v. State*, 62 Ark. App. 33, 968 S.W.2d 643 (1998), are distinguishable in that in each of those cases, a hearing was specifically requested by the defendant. Here, as noted previously, it is undisputed that no hearing was requested. A hearing under Rule 33.3 is mandatory only when requested. If a hearing is not requested, then the decision of whether to hold a hearing is a matter of discretion for the trial court. *Kozal v. State*, 264 Ark.

587, 573 S.W.2d 323 (1978). We will not reverse the actions of the trial court unless the trial court has abused its discretion. *Id.* We find no abuse of the trial court's discretion in denying without a hearing appellant's motion for a new trial.

*Id.* at 5–6.

We hold that the circuit court did not abuse its discretion by denying Neff's motion without a hearing. Bledsoe's affidavit does not offer actual juror misconduct, only speculation about body language and the phrase "Well, I've got to go." Moreover, Bledsoe, as a defense witness who told the jury she would trust Neff with her life, is not a disinterested party. In contrast, Browning swore in her affidavit that she did not speak to anyone about the trial other than fellow jurors during deliberations and that her verdict was based solely on the evidence at trial. Jurors are presumed to be unbiased and qualified to serve. *E.g.*, *Holloway v. State*, 363 Ark. 254, 213 S.W.3d 633 (2005); *see also Taffner, supra.* Consequently, prejudice is not presumed, and the moving party must prove a reasonable probability that prejudice resulted from the juror misconduct. *Henderson v. State*, 349 Ark. 701, 80 S.W.3d 374 (2002). Neff has the burden of proof to show juror misconduct, and Bledsoe's affidavit states that she did not hear the alleged discussion. Therefore, the circuit court did not abuse its discretion by allowing Neff's motion for new trial to be deemed denied without a hearing.

Affirmed.

VIRDEN and WHITEAKER, JJ., agree.

*Stayton & Associates, P.A.*, by: *Rowe P. Stayton*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.