Cite as 2025 Ark. App. 610

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-25-13

| | | |
|---|---|---|
| DANIEL HARRISON | | Opinion Delivered December 10, 2025 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-23-2] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE MARC MCCUNE, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant Daniel Harrison appeals the decision of a Crawford County jury convicting him of rape and second-degree sexual assault and committing both of those felonies in the presence of a child. Harrison was sentenced to a total of fifty years in the Arkansas Division of Correction. On appeal, he argues that the circuit court erred in excluding his witness, allowing a rebuttal witness to testify, and refusing to grant his motion for a new trial. We affirm.

Harrison does not challenge the sufficiency of the evidence; a detailed recitation of the facts is therefore not necessary. It suffices to say that over the two-day jury trial, the jury heard evidence that Harrison raped and sexually assaulted his twelve-year-old stepdaughter.

After the State rested, Harrison sought to introduce expert testimony from Andrea Penner. Penner is a licensed counselor, and Harrison sought to have her provide "expert testimony regarding factors influencing witness credibility, the effects of trauma on memory, and behavioral indicators relevant to assessing credibility." Through voir dire and proffer, counsel explained that Penner had reviewed thousands of pages of MC's mental-health records and was prepared to discuss inconsistencies in MC's interviews, how MC had a history of hallucinations, and how the records indicate MC had opportunities to make disclosures that might show grooming or abuse but did not do so. Despite the fact that Penner was excluded from the courtroom during the testimony of the other witnesses, Harrison's counsel reviewed the testimony of those witnesses with Penner before she was called. Penner said that she was also Harrison's counselor, but this did not present any ethical issues because she had formed her opinions about MC before she began counseling Harrison.

> The court made the following ruling from the bench:
>
> Based upon one, the Rule was violated as to talking about ‑‑ talking with this witness about testimony that took place. The Rule was asked ‑‑ this witness was excluded from the courtroom, and that's been violated. And based upon her answer as to the purpose of her testimony, she said for the Judge and the Jury, so they can hear the history of [MC]'s counseling and mental health records, and bring awareness and insight to the kind of person [Harrison] is in regards to his relationship with [MC], and bring awareness to false allegations. So based upon that purpose, this – the Court is denying her as an expert in this case.

After the defense proffered Penner's testimony, the court additionally explained:

> Based upon what I had stated previously and also the Court's concern that this defendant is her client and been counseling with her. And that what you're talking

about is a lot of content regarding hearsay documents that have not been introduced, the Court is ~ is denying your request for her to be an expert[.]

Harrison then testified and denied all the allegations made against him. He also disputed the claims that MC and her siblings had poor living conditions. Harrison further recounted an episode when he made MC's brother do pushups on a hurt wrist—Harrison did not know his wrist was broken at the time.

After the defense rested its case, the State called MC's brother as a rebuttal witness. Harrison objected, arguing that the brother had been present in the courtroom throughout the trial, and had the State intended to call the brother as a witness, then he should have been excluded. The State replied that he was a rebuttal witness, and the objection was overruled without further explanation. The brother then generally testified about his poor living conditions and stated that he was wearing a cast on his broken wrist when Harrison forced him to do pushups as punishment for fighting with his brother.

The jury returned its guilty verdict. Once the sentencing order was entered, Harrison filed a timely motion for new trial, arguing that his defense expert was wrongly sequestered, and her testimony was wrongly excluded. That motion was deemed denied, and this appeal followed.

Harrison's first point on appeal is that the circuit court committed reversible error when it excluded Penner's testimony, depriving him of a fair trial.

A circuit court's decision to admit or exclude expert testimony is reviewed under an abuse-of-discretion standard. *Joyner v. State*, 2021 Ark. 78, at 22, 621 S.W.3d 124, 139. Abuse

of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Arnold v. State*, 2022 Ark. 191, at 7, 653 S.W.3d 781, 787.

Rule 702 of the Arkansas Rules of Evidence states that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Ark. R. Evid. 702.

Harrison argues that the circuit court did not provide any reason for excluding Penner's testimony under Rule 702 and instead excluded her as a witness under Rule 615. We disagree. After considering all of Harrison's arguments, the court set out three reasons it had concerns with Penner as a witness. Harrison is correct that one reason was the sequestration issue, but the court further stated that its decision was based on the substance of Penner's testimony and the relationship between Penner and Harrison. Because Harrison did not challenge all three reasons the court set out as the bases for its ruling, we therefore need not address Harrison's first point on appeal. When a circuit court bases its decision on multiple independent grounds and an appellant challenges only one ground on appeal, the appellate court will affirm without addressing either basis of the circuit court's decision. *McEuen v. State*, 2023 Ark. App. 65, at 8, 660 S.W.3d 615, 621.

Moreover, we hold that it was not an abuse of discretion for the circuit court to exclude Penner's testimony due to the nature of the evidence sought to be introduced.

4

Harrison's counsel explained to the circuit court that Penner's testimony would consist of pointing out inconsistencies between MC's mental-health records and her testimony, stating that MC had the opportunity to tell therapists about the sexual abuse but had not, and she had issues with lying.

Despite Harrison's careful attempt to frame this as helpful expert analysis on trauma and memory, the testimony proposed was for Penner to offer the opinion that MC's mental-health history and trauma rendered her testimony unreliable. Our appellate courts have consistently recognized that an expert's or a witness's testimony opining or directly commenting on the truthfulness of a victim's statement or testimony is generally inadmissible. *DeVault v. State*, 2021 Ark. App. 269, at 9–10. The rationale behind this rule is that such testimony invades the province of the jury, which alone determines the credibility of the witnesses and apportions the weight to be given to the evidence. *Id.* It is erroneous for the circuit court to permit a witness, in effect, to testify that the victim of a crime is telling the truth. *Id.*

Because Penner's proposed testimony would have amounted to commentary on MC's credibility, the circuit court acted within its discretion in excluding it.

Harrison next asserts that it was erroneous to allow MC's brother to testify on behalf of the State as a rebuttal witness because he had been present in the courtroom for the entirety of the trial.

Arkansas Rule of Evidence 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses[.]"

5

The purpose of Rule 615 is to expose inconsistencies in the testimony of different witnesses and to prevent the possibility of one witness's shaping his testimony to match that given by other witnesses at trial. *Lard v. State*, 2014 Ark. 1, at 23, 431 S.W.3d 249, 266.

The circuit court has very narrow discretion to exclude the testimony of a witness for violation of the rule of sequestration. *Mooney v. State*, 2009 Ark. App. 622, at 10, 331 S.W.3d 588, 594. A circuit court may exercise that narrow discretion to exclude a witness's testimony only when the noncompliance is had with the consent, connivance, or procurement of a party or his attorney. *Id.* The violation by a witness of the rule of sequestration through no fault of, or complicity with, the party calling him should go to the credibility rather than to the competency of the witness. *Id.*

Here, the record shows that neither party had intended to call MC's brother. His name was not on either party's final witness list. Rebuttal testimony, by its very nature, cannot always be anticipated. The brother's testimony was purely to rebut statements made by Harrison in his case-in-chief. There is no evidence in this record, nor does Harrison direct our attention to any, that the brother or the State violated the sequestration rule via consent, connivance, or procurement.

Last, Harrison argues that the circuit court erred when it denied his motion for a new trial.

Under Rule 33.3 of the Arkansas Rules of Criminal Procedure, a convicted felon may move for new trial within thirty days after the date of entry of judgment, and if a hearing is requested or found to be necessary, the circuit court shall designate a hearing date. Ark. R.

6

Crim. P. 33.3. If the circuit court neither grants nor denies the posttrial motion within thirty days of its filing, the motion shall be deemed denied. Ark. R. Crim. P. 33.3(c). The decision whether to grant or deny a motion for new trial lies within the sound discretion of the circuit court, and this court will reverse only if there is a manifest abuse of discretion. *Neff v. State*, 2021 Ark. App. 123, at 4, 618 S.W.3d 479, 481.

Harrison's motion for a new trial was based on the exclusion of Penner as a witness. The motion contained a proffer detailing Penner's proposed points. Harrison argues that he was entitled to a new trial so that a jury could "accurately evaluate the credibility" of MC. But as discussed above, the circuit court did not abuse its discretion in excluding Penner's testimony. The proffer itself confirms that her testimony would consist of commentary on MC's truthfulness and interpretations of otherwise inadmissible mental-health records and interviews. It was therefore not an abuse of discretion to deny the motion for new trial.

Affirmed.

ABRAMSON and THYER, JJ., agree.

*Rojas Smith Attorneys, PA*, by: *Joseph Paul Smith*; and *Niblock Law Firm, PLC*, by: *Raymond L. Niblock*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.